# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICK DEWAYNE SANDERS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-2669 |
| | § | |
| SHERIFF ED GONZALEZ, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, a pretrial detainee in custody of the Harris County Sheriff's Office, filed this *pro se* section 2241 habeas petition. He claims that he is being unlawfully held without bond under three null and void indictments. He seeks dismissal of the charges or an order for the prosecution "to immediately bring sufficient proof before the court."

After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be dismissed without prejudice for the reasons that follow.

A pretrial detainee may challenge the State's power and authority to bring him to trial and the constitutionality or lawfulness of his confinement by pursuing habeas relief pursuant to 28 U.S.C. § 2241. *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). However, under the *Younger* abstention doctrine, a federal court should abstain from exercising its jurisdiction when doing so would result in interference in the course of an ongoing state criminal proceeding except in the most extraordinary circumstances and upon a clear

showing of both great and immediate harm. *Younger v. Harris*, 401 U.S. 37, 43–45 (1971); *Davis v. Zain*, 79 F.3d 18, 19 (5th Cir. 1996).

The *Younger* doctrine requires that federal courts decline to exercise jurisdiction over a state criminal defendant's claims if (1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the petitioner has an adequate opportunity in the state proceedings to raise constitutional challenges. *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012). These prerequisites to *Younger* abstention exist here. First, there is an ongoing state criminal proceeding that petitioner seeks to challenge. Second, "[t]he state has a strong interest in enforcing its criminal laws." *DeSpain v. Johnston*, 731 F.2d 1171, 1176 (5th Cir. 1984). Finally, petitioner has the full opportunity to raise his constitutional challenges in state proceedings on direct appeal in the event of a conviction or through a state habeas proceeding challenging his detention or conviction. *DeSpain*, 731 F.2d at 1176. Accordingly, petitioner's challenge to the validity of his pending state criminal charges cannot proceed in this action, and the Court will abstain from exercising jurisdiction pursuant to *Younger*.

Although the Court is dismissing this proceeding pursuant to *Younger*, the Court notes that petitioner has not exhausted his state court remedies as to his section 2241 habeas claims. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–90 (1973); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). A petitioner may be excused

2

from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). Absent such circumstances, a pretrial detainee may not adjudicate the merits of his constitutional claims before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489. "Derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. *Id*. at 493. No exceptional circumstances of peculiar urgency are shown in the instant case.

The petition for habeas relief is DISMISSED WITHOUT PREJUDICE. A certificate of appealability is DENIED. Petitioner's implied motion for leave to proceed *in forma pauperis* is DENIED.

Signed at Houston, Texas on September 7, 2018.

_____
Gray H. Miller
United States District Judge